## Fern Hill Sportswear Co., Inc., v. Willensky

Before Hoban, P. J., and Eagen, J.

*Bialkowski, Bialkowski & Bialkowski,* for plaintiff.

*William P. Farrell* and *James E. O'Brien,* for defendant.

PER CURIAM, May 12, 1953.—Defendant presents a petition requesting the court to order plaintiff to produce certain books and records of plaintiff, to permit defendant to gain information necessary to him to prepare proofs of a prima facie defense. See Pa. R. C. P. 4009 and 4011.

The pleadings, which are complete, indicate that plaintiff charges defendant, a former treasurer of plaintiff, with cashing certain company checks and applying the proceeds to his own use, without corporate authority and without proper accounting on the company's books. The direct defense admits that defendant indorsed and cashed checks of the company but that the checks were issued on countersignature of the president on corporate authority, and that the transactions should have been entered properly on the books of account and represented by other documents, all of which are within possession of plaintiff, and therefore defendant is without means of controverting plaintiff's assertions. There is an affirmative defense pleaded, but this petition for discovery is not concerned therewith.

Obviously, since defendant admits cashing company checks, he is handicapped in presenting his defense of justification, authority and proper accounting unless he can identify the checks in question, point to the corporate authority and submit the accounting facts, none of which he is able to do unless he sees the checks, books and records which contain the basic facts essential to his defense.

The pleadings seem to indicate that the petition falls within the clear intent of Pa. R. C. P. 4009, and is not within the limitations of Pa. R. C. P. 4011.

Accordingly, an order will be entered as prayed for.